IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**BELTRAN B. RAEL, JOHN P. RAYMOND**,

    **Plaintiffs,**

vs.                                                                                                   Civ. No. 06-0383 BB/DJS

**MARY DALE BOLSON, LAWRENCE
BARRERAS, GERI GALVAN, MARK
CALDWELL, ROGER GILLESPIE,
JERRY ORTIZ, WILLIAM GREGORICUS,
individually and in their official capacities; STATE
OF NEW MEXICO,**

    **Defendants**.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on (1) Plaintiffs' Motion for Sanctions– Entry of Judgment and Memorandum in Support Thereof **[Doc. No. 50]**, filed on November 21, 2007;[1] and (2) Defendants' Motion to Vacate/Extend Case Management Deadlines **[Doc. No. 56]**, filed on February 26, 2007.  Plaintiffs contend they served Defendants their first discovery requests on February 9 and

---

[1] In effect, Plaintiffs are asking the Court to sanction Defendants for alleged discovery violations.  Federal Rule of Civil Procedure 37(b)(2) gives this Court power to impose any sanction that is just, with default judgment being the most severe sanction.  "Although the plaintiff may ask the court to impose the most severe sanctions, it is for the court to decide which sanction, if any, is appropriate.  Therefore, a motion for 'default judgment' based on alleged discovery violations is nothing more than an optimistically labeled motion for sanctions." *Segal v. L.C. Hohne Contractors, Inc.,* 303 F.Supp. 790,794 (S.D.W.Va. 2004); *see Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519-20 (10th Cir. 1995)("Even though a movant requests a sanction that would be dispositive, if the magistrate judge does not impose a dispositive sanction the order falls under Rule 72(a)[nondispositive matters] rather than Rule 72(b)[dispositive motions]."); 12 Charles ALan Wright & Arthur R. Miller, Federal Practice & Procedure, §3068.2 (2008)"The sanction chosen by the magistrate judge, rather than that sought by the motion, governs the determination whether the motion is dispositive.").

March 14, 2007.  After filing two motions to compel, several Defendants have failed to respond to their discovery requests.  In the present motion, Plaintiffs requests the Court sanction Defendants by granting Plaintiffs a default judgment.

Defendants filed a response to Plaintiffs' motion and contend the Court should deny Plaintiffs' motion for sanctions on the grounds that "Plaintiffs' Interrogatories and Requests for Production were directed at Randolph B. Felker rather than to any particular defendant or to the Defendants in general." Defs.' Resp. to Pls.' Mot. for Sanctions– Entry of Judgment at 1.  Mr. Felker filed an affidavit, attesting to the following: (1) of the three originally named defendants (Mary Dale Bolson, Lawrence Barreras and Geri Galvan), only one still works for the CYFD, delaying discovery since they do not have access to the requested documents; (2) Defendants Caldwell, Gillespie, Ortiz and Gregoricus were added much later and filed their Answer to Plaintiffs' Amended Complaint on November 9, 2007; (3) no discovery has been directed to Defendants Caldwell, Gillespie, Ortiz and Gregoricus; (4) Plaintiffs' First Requests for Production of Documents and First Interrogatories were directed to [Randolph B. Felker], not to any particular defendant; (5)  no interrogatories or requests for production have been directed to any particular defendant; (6) Plaintiffs requested documents that are obscure and voluminous, causing the delay; (7) the change in CYFD's general counsel compounded the delay; (8) Plaintiffs were afforded hearings before a State Personnel Board administrative law judge thus Plaintiffs' counsel should possess all of the evidence and exhibits since the hearings were on the record; (9) Plaintiffs' counsel has never provided Mr. Felker an enumeration of the administrative hearing documents in his possession; (10) Mr. Felker has met with CYFD employees four times in his effort to respond to Plaintiffs' discovery requests and has reviewed at least twenty boxes of documents; and (11) Plaintiffs' requests for production are long and complex and require examination of hundreds of files.  Defs. Resp. to Pls.' Mot. for Sanctions, Ex. A, Felker Aff.

2

Mr. Felker also contends Defendants have not engaged in any willful misconduct.  Mr. Felker points out that Mary Dale Bolson and Lawrence Barreras "have absolutely no access to the requested records."  Finally, Mr. Felker contends the "newly named Defendants were not even parties to this cases until they answered on November 9, 2007, several weeks after the Court entered its August 23, 2007 Order.

"A district court undoubtedly has discretion to sanction a party . . . for failing to comply with local or federal procedural rules."  *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).  Additionally, Rule 37 of the Federal Rules of Civil Procedure provides that if a party fails to obey a discovery order, the Court may sanction a party by "rendering a judgment by default against the disobedient party."  FED.R.CIV.P. 37(b)(2)(C).  However, "[b]ecause a default judgment is a harsh sanction, due process requires that 'failure' [to obey rules or orders] is a sufficient ground only when it is the result of 'willfulness, bad faith, or [some] fault of petitioner' rather than inability to comply."  *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir. 1987)(quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976)).  Willful failure means "any intentional failure as distinguished from involuntary noncompliance.  No wrongful intent need be shown."  *Id.* at 872-73.

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit set forth the following five criteria for a district court to consider when evaluating whether dismissal is an appropriate sanction: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  *Id.* at 921.

Plaintiffs contend Defendants have interfered with the judicial process by "willfully" refusing to obey the Court's August 23, 2007 Order. Plaintiffs also claim they "are filing this motion for sanctions, thus putting Defendants on notice that the sanction of default judgment is available, and giving them the opportunity to respond." Pls.' Mot. for Sanctions at 6. Finally, Plaintiffs contend lesser sanctions would "appear to be futile." *Id.*

The Court will deny Plaintiffs' motion for sanctions, specifically a default judgment. Defendants have not engaged in willful conduct, and Plaintiffs do not allege they have suffered any prejudice. Accordingly, Plaintiffs' Motion for Sanctions– Entry of Judgment is denied.

Having denied Plaintiffs' motion for sanctions, the Court will grant Defendants' Motion to Vacate/Extend Case Management Deadlines. Defendants request the Court vacate the present case management deadlines or grant a 60 days extension. Defendants request an extension of all current pretrial case management deadlines. No parties or witnesses have yet been deposed in this matter.

The Court's October 24, 2007 Scheduling Order sets forth the following discovery deadlines:

(1) termination date for discovery is March 31, 2008;

(2) motions relating to discovery shall be filed with the Court and served on opposing parties by April 9, 2008;

(3) Plaintiffs shall identify to all parties in writing expert witness(es) and provide expert reports no later than January 31, 2008;

(4) Defendants shall identify to all parties in writing expert witness(es) and provide expert reports no later than March 3, 2008;

(5) Pretrial motions shall be filed with the Court and served on opposing party by June 16, 2008; and

(6) a consolidated final Pretrial Order shall be filed with the Court on or before September 1, 2008.

These deadlines are extended as follows:

(1) termination date for discovery is June 2, 2008;

(2) motions relating to discovery shall be filed shall be filed with the Court and served on opposing parties by June 10, 2008;

(3) Plaintiffs shall identify to all parties in writing expert witness(es) and provide expert reports no later than April 21, 2008;

(4) Defendants shall identify to all parties in writing expert witness(es) and provide expert reports no later than May 21, 2008;

(5) Pretrial motions shall be filed with the Court and served on opposing party by August 18, 2008; and

(6) a consolidated final Pretrial Order shall be filed with the Court on or before November 3, 2008.

**IT IS SO ORDERED.**

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**